# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06        . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

---

**Case Title:**      Elizabeth F. Lovato

**Case Number:**     06-10152

| Document Information |
|---|

**Description:**      Order  Granting [8-1] Motion To Dismiss Bankruptcy by Michael J. Caplan .

Received on:         2006-05-08 09:38:44.000

**Date Filed:**      2006-05-08 00:00:00.000

**Date Entered On Docket:**      2006-05-08 00:00:00.000

| Filer Information |
|---|

**Submitted By:**      Patti Hennessy

> **If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:  ELIZABETH LOVATO,                                    No. 7-06-10152 MA

      Debtor.

## ORDER DISMISSING CASE FOR FAILURE TO SUBMIT
## PAYMENT ADVICES TO THE CHAPTER 7 TRUSTEE

THIS MATTER is before the Court on the Chapter 7 Trustee's Motion to Dismiss for

Debtor's failure to submit payment advices and tax returns.[1]  The Court held a preliminary

hearing on the Motion to Dismiss on May 1, 2006 and took the matter under advisement.

Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv), the Debtor is required to file "copies of all

payment advices or other evidence of payment received within 60 days before the date of the

filing of the petition, by the debtor from any employer of the debtor."  Pursuant to 11 U.S.C. §

521(i), if the Debtor fails to file the payment advices within 45 days of the date of the filing of

the petition, "the case shall be automatically dismissed effective on the 46th day after the date of

the filing of the petition" unless the debtor requests an extension of time within the 45 day period

and the court finds justification for extending the time for filing the required documents, or the

trustee files a motion within the 45 day period and the court finds that the debtor attempted in

good faith to file the required information and that the interest of creditors would be best served

by administration of the case.  11 U.S.C. § 521(i)(1), (3), and (4).

By an administrative order entered by the Court on October 4, 2005, debtors are directed

*not* to file the payment advices with the Court, but to submit them to the Chapter 7 Trustee no

---

[1]At the preliminary hearing on the Trustee's Motion to Dismiss, the Chapter 7 Trustee
represented that he had received a copy of the Debtor's tax returns.  The Court will, therefore,
consider the Motion to Dismiss only with regard to the Debtor's failure to submit payment
advices.

later than 7 days before the date first set for the meeting of creditors.[2]    The Debtor has not filed

the payment advices or submitted the payment advices to the Chapter 7 Trustee, nor has the

Debtor requested an extension of time within which to submit the required payment advices, nor

has the Chapter 7 Trustee filed a motion requesting that the case not be dismissed.

After the expiration of the time limits set forth in 11 U.S.C. § 521(i)(1), the Court is left

with no discretion to allow the Debtor additional time within which to comply with the

requirement for submission of payment advices. *In re Ott,* __ B.R.__, 2006 WL 1152339 *3

(Bankr.D.Colo. 2006) ("After the expiration of the specified period set forth in 11 U.S.C. §

521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow

therefrom."). *See also In re Williams,* 339 B.R. 794 (Bankr.M.D.Fla. 2006) (concluding that

Court had no discretion to extend the time within which to file the documents required under 11

U.S.C. § 521(a) where debtor did not request extension within the initial 45 day period).

Consequently, the Court must dismiss Debtor's bankruptcy proceeding.  Had the Bankruptcy

Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") left the Court with any

discretion, the Court would deny the Chapter 7 Trustee's motion with leave to allow the Debtor

to submit the required payment advices.  Furthermore, the Court would require the Chapter 7

Trustee to request copies of the payment advices at the § 341 meeting of creditors.  Instead, the

Debtor's case must be dismissed because BAPCPA leaves the Court with no discretion to

fashion any reasonable or equitable solution.

---

[2]*See* Order Directing That Payment Advices Not be Filed with the Court but Instead be
Provided to the Trustee and Upon Timely Request, to Creditors, Misc. Case No. 05-001, Court
Administrative Matters, docket entry 66.

WHEREFORE, IT IS HEREBY ORDERED, that the Debtor's bankruptcy proceeding is

DISMISSED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge


I certify that on the date shown on the attached
document verification, a true and correct copy of
the foregoing was either electronically transmitted,
faxed, delivered or mailed to the listed counsel
and/or parties.

Elizabeth Lovato
201 Delamar Loop, Apt. B
Albuquerque,  NM  87107

Michael J. Caplan
Chapter 7 Trustee
827 E Santa Fe Ave
Grants,  NM  87020 -2458

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545